C. B. BACH, as Guardian of the Person and Estate of Ariton Rotiluk, Respondent, v. SAM HARCHENKO and Kosmo Harchenko, Appellants.

(181 N. W. 84.)

**Witnesses — testimony of one under guardianship as insane may disclose competency.**

1. The testimony of a witness, then under guardianship as insane, may disclose his competency as a witness.

**New trial — to take advantage of surprise as testimony of witness relief must be asked of trial court.**

2. The discretion of the trial court in denying a new trial on the grounds of surprise because witnesses have testified differently at the trial than at another hearing will not be disturbed where the party claiming the surprise, and having knowledge at the trial of the discrepancy in the testimony, and a witness then available to show such discrepancy, did not call such matter to the attention of the trial court or make a motion for continuance.

**Proceedings held without error.**

3. In an action for assault and battery it is· *held* that the trial court did not err in receiving the testimony of the plaintiff then under guardianship as an insane person; in refusing to grant a new trial upon grounds of surprise by reason of the plaintiff and his son testifying differently upon the trial than upon a former preliminary hearing; and, further, that a fair trial was had and instructions properly given.

Opinion filed January 10, 1921.

Action for assault and battery in District Court, Ward County, *Fisk*, J.

From an order denying new trial the defendants have appealed.

Affirmed.

*John J. Coyle*, for appellant.

Section 7660, Comp. Laws 1913, subd. 3, provides that a new trial may be granted for "accident or surprise which ordinary prudence could not have guarded against." McGinnity v. Case Threshing Mach. Co. 38 N. D. 288.

NOTE.—The question as to inconsistent testimony in another suit as grounds for new trial is discussed in a note in 42 L.R.A. (N.S.) 692.

A material variance in the testimony given upon the trial of a cause, from that given by the same witnesses at a former trial, is ground for a new trial, when discovered. Guth v. A. B. Bell (Iowa) 42 L.R.A. (N.S.) 692, and note.

Presumptions as to insanity. "Insanity, once established, is presumed to continue until the contrary is proved." 7 Enc. Ev. 462; Jones, Ev. §§ 59, 723; 1 Rice, Ev. 563; 22 Cyc. 1115.

*Greenleaf & Wooledge, for respondent.*

BRONSON, J. This is an action for assault and battery. The answers allege a counter assault and the use of force alone necessary in self-defense. The jury awarded a verdict of $750 to the plaintiff. The defendants have appealed from an order denying a new trial. The parties were farmers, neighbors, and friends for some eighteen or nineteen years. The alleged assault occurred upon the farm of the plaintiff in May, 1918, and arose over an adjustment of damages for trespassing cattle. Upon order of the court, after this action was instituted and after an adjudication of insanity and commitment of the plaintiff to an insane asylum, the guardian of his person and property was made a party. The defendant complains of the trial court's action in refusing to strike out the testimony of the plaintiff upon the ground of his insanity; in sustaining an objection to a question propounded upon the plaintiff's cross-examination directed towards his manufacture and use of intoxicating liquors; in improperly instructing the jury concerning the subject and rights of self-defense; and in denying a new trial upon the grounds of surprise.

The entire record has been reviewed. It is apparent therefrom that the defendants were accorded a fair trial without the existence of prejudicial error. No objection was made to plaintiff's testifying, until after his testimony had been received, and then, upon the ground that, being under guardianship as insane, the presumption was that his insanity continued and made him incompetent as a witness. No attempt was made by the defendants to test the competency of such witness. 40 Cyc. 2201. His testimony as given justified the trial court in determining his competency as a witness. It was entirely proper for the trial court to sustain objection to the question asked upon cross-examination to the effect that Roticluk, during the year 1919, was manufac-

turing whisky on his place, and was selling it for $8 per quart there. It was not properly directed towards testing his credibility, nor the cause of his insanity.

The instruction of the trial court concerning the rights of the defendants in self-defense and their legal liability for acts of assault and battery were fairly given. It is unnecessary to recite these instructions in detail. Likewise the trial court did not err in refusing to grant a new trial on grounds of surprise. The affidavits in that regard submitted are to the effect that the plaintiff and also his son, upon a preliminary hearing before a justice of the peace, testified differently than at this trial. One of the parties making such showing was one of the attorneys for the defendant, present in court, and present upon the preliminary hearing. In no manner was this discrepancy in his testimony called to the attention of the trial court, and no application was made for a continuance. The showing was manifestly insufficient to award a new trial. The order is affirmed, with costs to the respondent.

ROBINSON, Ch. J., and CHRISTIANSON and BIRDZELL, JJ., concur.

GRACE, J. I concur in the result.